USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/9/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON ABADI,

        Plaintiff,

-against-

UNITED AIRLINES, INC., et al.,

        Defendants.

25-CV-1771 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

In a letter-motion dated May 20, 2025 (Pl. Mot.) (Dkt. 32), pro se plaintiff Aaron Abadi seeks an order pursuant to Fed. R. Civ. P. 4(d)(2) requiring defendant Emirates to reimburse him for the $75 he spent to serve Emirates with process. I have carefully reviewed plaintiff's moving letter, Emirates' opposition letter (Def. Opp.) (Dkt. 34), and plaintiff's reply letter (Pl. Reply) (Dkt. 35), and conclude that plaintiff is not entitled to reimbursement.

I assume, without deciding, that Emirates is subject to Rule 4(d).[1] Moreover, I recognize that since the intent of the rule is to "eliminate the costs of service" and "foster cooperation among adversaries," Fed. R. Civ. P. 4(d) adv. comm. note to 1993 amendment, courts in our

---

[1] Rule 4(d)(2) applies only to parties that are "subject to service under Rule 4(e), (f), or (h)." Fed. R. Civ. P. 4(d)(1). Emirates argues that because it is "wholly owned and controlled by the Government of Dubai," it is an "agency or instrumentality of a foreign state," as that term is used in 28 U.S.C. § 1603(b), and therefore must be served pursuant to 28 U.S.C. § 1608 rather than pursuant to Rule 4(e), (f), or (h). *See* Def. Opp. at 2-3; Fed. R. Civ. P. 4(j) ("A foreign state or its . . . instrumentality must be served in accordance with 28 U.S.C. § 1608."); *USAA Cas. Ins. Co v. Permanent Mission of Republic of Namibia*, 2010 WL 4739945, at *2 (S.D.N.Y. Nov. 17, 2010) ("[T]he waiver and cost-shifting provisions of Rule 4(d) are not applicable to service on foreign states."), *aff'd sub nom. USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namibia*, 681 F.3d 103 (2d Cir. 2012). However, Emirates does not provide any evidentiary support for its assertion that it is wholly-owned and controlled by Dubai, and the case law on this point is mixed. *See*, *e.g.*, *Farah v. Emirates & Emirates Severance Plan*, 728 F. Supp. 3d 290, 307 (S.D.N.Y. 2024) (noting that Emirates is *indirectly* owned by the Government of Dubai, through its sovereign wealth fund, the Investment Corporation of Dubai, and concluding on that basis that "the Court cannot find Emirates to be an instrumentality of Dubai").

Circuit typically require "substantial" compliance with the requirements of Rule 4(d)(1)(A)-(G) rather than technical perfection. *See Brinks Glob. Servs. USA, Inc. v. Bonita Pearl Inc.*, 686 F. Supp. 3d 357, 368 (S.D.N.Y. 2023) (Courts "are reluctant to excuse a defendant's failure to waive service based on 'technical errors' that do not prejudice the defendant.") (quoting *Stapo Indus. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125 (S.D.N.Y. 1999)); *accord United States v. Glaister*, 2021 WL 1565678, at *1 (S.D.N.Y. Apr. 21, 2021). In this instance, however, plaintiff did not substantially comply with the governing rule and hence is not entitled to reimbursement.

First, plaintiff did not comply with Rule 4(d)(1)(A)(ii), which requires that the request for a waiver of service be delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Instead, plaintiff emailed his waiver request – on April 1, 2025, and again on April 6, 2025 – to various attorneys at Clyde & Co. (which at that time represented Emirates in other litigation brought by the same plaintiff) and to various general email addresses at Emirates (such as "CustomerAffairsNY@emirates.com"). *See* Def. Opp. Exs. A, B. Plaintiff did *not* mail his waiver request to the Emirates office in New York City, which is its published address for service of process in New York. *See id*. Ex. E. This was more than a mere "technical error." *See*, *e.g., Glaister*, 2021 WL 1565678, at *1-2 (denying reimbursement motion where plaintiff "sent email correspondence" requesting a waiver to "an attorney who had previously represented Defendants in unrelated matters" but was not their agent for service of process); *Obot v. Citibank South Dakota, N.A.*, 2006 WL 6905256 (W.D.N.Y. Oct. 17, 2006) ("As a general rule, an attorney does not become his client's agent for service of process solely by reason of serving in the capacity as attorney."), *aff'd*, 347 Fed. App'x 658 (2d Cir. 2009).

Second, plaintiff did not comply with Rule 4(d)(1)(C), which required him to include "a prepaid means for returning the form." This too was more than a mere technical error, and hence is grounds for denying reimbursement of plaintiff's service costs. *See Wright v. Mail Media Inc.*, 2024 WL 421375, at *2 (S.D.N.Y. Jan. 30, 2024) ("Plaintiffs' failure to include self-addressed stamped envelopes constitutes a failure to substantially comply with Rule 4(d)(1)'s procedural requirements."); *Kumaran v. Vision Fin. Markets, LLC*, 338 F.R.D. 17, 18 (S.D.N.Y. 2021) (denying reimbursement motion where plaintiff "sent the waiver forms by email" and "failed to provide Villa, for example, with a self-addressed, stamped envelope").[2]

Third, plaintiff failed to comply with Rule 4(d)(1)(F), which required him to give Emirates "a reasonable time of at least 30 days after the request was sent" to return the waiver. Instead, plaintiff jumped the gun by retaining a process server on April 18, 2025, *see* Pl. Mot. Ex. B, and effecting service (on Emirates' New York office) on April 22, 2025 (*see* Dkt. 16), just 21 days after his first email. This prejudiced Emirates by depriving it of the opportunity to waive service within the statutory period. *See Kumaran* 338 F.R.D. at 19 (denying reimbursement motion where plaintiff "arranged for personal service on [defendant]" eight days after requesting a waiver by email, thereby "fail[ing] to meet the requirements of Rule 4(d)"); *Trombetta v. Novocin*, 2021 WL 3829803, at *4 (S.D.N.Y. Aug. 27, 2021) (denying reimbursement motion where plaintiff "undertook to serve Seippel and WorthPoint within three weeks of her waiver

---

[2] Plaintiff complains that the prepaid return requirement set forth in Rule 4(d)(1)(C) is an "outdated formalism" in the age of email communications. Pl. Reply at 2. That argument must be addressed to the Supreme Court, which promulgates the Federal Rules of Civil Procedure, *see* 28 U.S.C. §§ 2071-74, not to this Court. Plaintiff also asserts that "the waiver was sent and expected and understood to be returned via email, at no cost to either side." Pl. Reply at 2. However, plaintiff's emails were silent on this point, and this Court is not willing to assume that the recipients "understood" it.

request, and thus did not comply with Rule 4(d)(1)(F), which required that she afford them at least 30 days to respond").

It is true, as plaintiff points out, that on April 17, 2025 (five days before he sent a process servicer to Emirates' New York office), the law firm to which he had sent his waiver request told him that it "did not have authorization to waive service." Pl. Mot. at 1; *see also* Def. Opp. Ex. D (April 17, 2025 email from Clyde & Co. to plaintiff stating that firm lacked "authority to waive service in this matter"). Therefore, plaintiff argues, Emirates "had already refused" to waive service, relieving him of any need to wait until the full 30 days ran before incurring service expenses and seeking reimbursement from Emirates. Pl. Reply at 1. Plaintiff is mistaken. Indeed, the 30 days does not begin to run – and a corporate defendant is not required to choose between waiving service and risking a Rule 4(d)(2) motion – until the plaintiff has sent a substantially compliant waiver request to the corporation's "officer," "managing or general agent," or other "agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Put another way, a plaintiff cannot bootstrap himself into a successful Rule 4(d)(2) motion by sending a waiver request to an unauthorized law firm and then construing the firm's communication of that point as a refusal by the corporation to waive service.

For these reasons, plaintiff's motion for reimbursement of service costs (Dkt. 32) is DENIED.

Dated: New York, New York
June 9, 2025

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

4