UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON ABADI,

Plaintiff,

-v-

UNITED AIRLINES, INC., *et al.*,

Defendants.

---

25 Civ. 1771 (PAE) (BCM)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Aaron Abadi brings this action against defendants United Airlines, Inc. ("United"), American Airlines, Inc. ("American"), and Emirates, alleging that he was denied seating accommodations on numerous flights despite his documented knee condition. Dkt. 1 ("Compl.") ¶¶ 2–3. He brings claims under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, and its implementing regulations. *Id.* at 12–16.

Currently pending are defendants' motions to dismiss the Complaint. Dkts. 21, 37. The motions seek dismissal under Federal Rule of Civil Procedure 12(b)(6) and request that the Court order Abadi to show cause why, in bringing purportedly frivolous claims, he has not violated Federal Rule of Civil Procedure 11.

On January 9, 2026, the Honorable Barbara C. Moses, United States Magistrate Judge, issued a Report and Recommendation as to those motions. Dkt. 46 ("Report"). It recommends that the Court (1) dismiss the Complaint with prejudice, and (2) decline to order Abadi to show cause why he should not be sanctioned under Rule 11. *Id.* at 1–2.

On January 20, 2026, Abadi objected to the Report. Dkt. 47 ("Objection"). On January 27, 2026, American and United opposed the Objection. Dkt. 48. On February 3, 2026, Emirates also opposed. Dkt. 49.

For the following reasons, the Court adopts the Report's recommendation in full.

## I.      Legal Standard

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Where the objecting party makes only "frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Kamden-Ouaffo v. Balchem Corp.*, No. 17 Civ. 2810, 2021 WL 1101126, at *2 (S.D.N.Y. Mar. 23, 2021) (citation omitted). "Objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *Green v. Dep't of Educ.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)), *aff'd*, 16 F.4th 1070 (2d Cir. 2021). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de*

*novo* review." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (cleaned up) (quoting *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).

## II.    Applicable Standard of Review

Save as to one discrete issue, review of the Report for clear error is appropriate because Abadi's objections are unresponsive to the Report and/or rehash arguments he made in his opposition briefs.

First, Abadi objects on the ground that the Report failed to address *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). He argues that the Report did not "analyze whether its conclusion—that courts must abstain entirely from interpreting the ACAA—remains valid after *Loper Bright*." Objection at 5. But that was not the Report's conclusion. On the contrary, the Report applied precedent in which the Second Circuit, after analyzing the "text and structure" of the ACAA, found that the statute does not contain a private right of action. Report at 12–13 (quoting *Lopez v. Jet Blue Airways*, 662 F.3d 593, 598 (2d Cir. 2011)). The Report noted that it is the "judicial task . . . to interpret the statute Congress has passed," and that the Second Circuit had "performed that 'judicial task'" with respect to the ACAA. *Id.* at 12–13 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). Because Abadi's objection is "not aimed at any findings" in the Report, it does not warrant *de novo* review. *Ravi v. Citigroup Glob. Markets Holdings, Inc.*, No. 21 Civ. 2223, 2022 WL 3910599, at *2 (S.D.N.Y. Aug. 31, 2022) (applying clear error review where objection "do[es] not discuss at all the [Report's] principal rationale").[1]

---

[1] Although the Report did not expressly reference *Loper Bright*, that is for good reason. That decision, which held that courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority," 603 U.S. at 412, does not have any bearing on

Second, Abadi objects to "the remaining conclusions" of the Report to "preserve[]" those issues for appellate review. Objection at 6–7. He argues that the absence of a private damages remedy under the ACAA does not bar claims for declaratory or injunctive relief and that the Second Circuit's decision in *Lopez* does not apply to declaratory or injunctive relief. *Id.* at 6. But the Report considered and rejected both arguments. *See* Report at 13 (*Lopez* found "no express or implied private right of action exists" under the ACAA); *id.* at 14 ("an injunction or declaratory judgment . . . cannot be pursued unless the relevant federal statute expressly or impliedly authorizes such a suit"); *id.* (absence of "private right of action under the ACAA . . . requires the dismissal of all private ACAA claims, including claims for injunctive and declaratory relief"). And Abadi's other objections raise arguments that would have been improper for the Report to consider because they relate to the merits of Abadi's non-existent ACAA claim or constitute general challenges to the overall statutory scheme. *See* Objection at 6–7. Accordingly, this second group of objections is also insufficient to invoke *de novo* review. *See, e.g.*, *Aponte v. Cunningham*, No. 8 Civ. 6748, 2011 WL 1432037, at *1 (S.D.N.Y. Apr. 11, 2011) (clear error review appropriate where "party merely reiterates his original arguments"); *Velez v. DNF Assocs., LLC*, No. 19 Civ. 11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (same where party "makes only frivolous, conclusory or general objections" (citation omitted)).

The Court finds, however, that one discrete issue should be reviewed *de novo*. Abadi objects to the Report's recommendation that the Complaint be dismissed with prejudice, arguing that such is inappropriate because "the ruling rests on unsettled or evolving questions of law."

---

the present motions, which do not implicate an agency's authority or interpretation of an ambiguous statute. *See* Dkt. 49 at 2–3.

4

Objection at 7. This argument is sufficiently specific and does not appear frivolous on its face. Accordingly, as to that issue, the Court conducts *de novo* review. *See, e.g.*, *In re Nestor*, No. 24 Civ. 6250, 2025 WL 2089353, at *2 (S.D.N.Y. July 25, 2025) (reviewing *de novo* recommendation that dismissal be without prejudice); *Richardson v. City of New York*, No. 21 Civ. 5080, 2023 WL 1777323, at *2 (S.D.N.Y. Feb. 6, 2023) (same).

## III.    Analysis

The Court reviews the Report, save for the recommendation that dismissal of the Complaint be with prejudice, for clear error. Far from revealing a facial error in any conclusion, a careful review of the Report reveals it to be thorough, well-reasoned, and devoid of error. The Court thus is not, at all, "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The Court accordingly adopts the Report's recommendations to (1) dismiss the Complaint, and (2) decline to order Abadi to show cause as to why sanctions are inappropriate.

As to the Report's recommendation that dismissal of the Complaint be with prejudice, the Court conducts a *de novo* review, which requires "that the Court arrive at its own, independent conclusions." *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) (citation omitted). The Court finds dismissal with prejudice appropriate. Abadi argues that the Report's recommendation to dismiss the Complaint rests on "unsettled or evolving questions of law." Objection at 7. That is incorrect. The Second Circuit has expressly held that the ACAA does not "create a private right of action in a federal district court." *Lopez*, 662 F.3d at 597. And the Circuit reiterated this holding just months ago in an appeal arising out of another action brought by Abadi. *Abadi v. Fauci*, No. 24 Civ. 2365, 2025 WL 1873141, at *3 (2d Cir. July 8, 2025) (affirming dismissal of Abadi's ACAA claims because

5

"*Lopez* has not been overruled by us *en banc* or by the Supreme Court"). Accordingly, because Abadi's ACAA claims are squarely foreclosed, dismissal with prejudice is proper. *See, e.g.,* *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 330 (S.D.N.Y. 2016) (claims "must . . . be dismissed with prejudice" where statute "do[es] not supply a private right of action"); *Edwards v. Orange County*, No. 17 Civ. 10116, 2020 WL 635528, at *2 (S.D.N.Y. Feb. 10, 2020) (dismissing claim with prejudice "[b]ecause Plaintiff has no private right of action"); *Boley v. Pineloch Assocs.*, 700 F. Supp. 673, 681 (S.D.N.Y. 1988) (same).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Moses's Report in its entirety. The Court grants the motions to dismiss with prejudice and declines to issue an order to show cause regarding Rule 11 sanctions.

The Court respectfully directs the Clerk of Court to mail a copy of this decision to Abadi at the address on file, terminate the motions pending at dockets 21 and 37, and close this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: February 26, 2026
New York, New York